1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA
10

11   KARISSA MARIE PACHECO,                CASE NO. C13-5972BHS

12                      Plaintiff,          ORDER TO SHOW CAUSE AND
                                            RENOTING MOTION
13      v.

14   FRANK XAVIER DAVALOS & JOHN
     DOE (1-5), JANE DOE (1-5), KITSAP
15   COUNTY SHERIFF'S OFFICE AND ITS
     DIRECT SUPERVISORS, JOHN/JANE
16   DOES TO BE NAMED AT A LATER
     DATE, & SOUTH KITSAP SCHOOL
17   DISTRICT #402,

18                      Defendants.

19

20        This matter comes before the Court on Defendant Kitsap County's Motion to

21   Dismiss for Failure to State a Claim and Motion to Dismiss for Insufficient Process and

22   Service of Process (Dkt. 14).  The Court has considered the pleadings filed in support of

23   the motion and the remainder of the file.

24

ORDER - 1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2013, Plaintiff filed her amended complaint in Kitsap County Superior Court. Dkt. 4 at 5–9. The complaint alleges that Defendant Frank Zavier Davalos ("Davalos"), while under the supervision of Kitsap County, had "repeated intentional unwanted sexual contact with Plaintiff while she was in her home and in the Sheriffs' vehicle provided to Defendant Frank Davalos." *Id.* at 7. Based on those events, Plaintiff makes claims of "negligence, abuse, exploitation, outrage, and negligent infliction of emotional distress and sexual assault." *Id.* at 8. Under "Relief Requested," Plaintiff requested "cost [sic] and reasonable attorney's fees pursuant to 42 U.S.C. 1983," and "punitive damages against the Defendants pursuant to 42 U.S.C. 1983." *Id.* at 9. Plaintiff made no other reference to § 1983 in her amended complaint. *See id.*

Defendants Kitsap County Sheriff's Office and Its Direct Supervisors (Kitsap County), Defendant South Kitsap School District #402 (Kitsap School District), and Defendant Davalos are each separately represented. Dkt. 1.

On November 8, 2013, Davalos removed the case to federal court stating that this case is "founded on a claim arising under federal law," appearing to reference a possible claim by Plaintiff under 42 U.S.C. § 1983. Dkt. 1. On November 12, 2013, Kitsap School District joined in the removal (Dkt. 7), but Kitsap County did not file any joinder or opposition to the removal. At the time of removal, Kitsap County had apparently not been served; Kitsap County was served over 60 days later, on January 23, 2013. *See* Dkts. 14 and 23.

On January 16, 2014, Kitsap County filed this Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Insufficient Process and Service of Process, requesting that the Court dismiss all claims against it.  Dkt. 14.  Kitsap County argued that Plaintiff failed to state a claim because: (1) Washington courts have held that an employer is not vicariously liable for the sexual assaults of its employees; (2) Washington's public duty doctrine precludes recovery for breach of duty because there is no special relationship between Plaintiff and Kitsap County; (3) Plaintiff does not allege a causal connection between Plaintiff's injury and Davalos's employment; and (4) Plaintiff's pleadings are insufficient to provide Kitsap County notice of the claims.  Dkt. 14.  Kitsap County also argues for dismissal based on insufficient service of process because Plaintiff served Kitsap County with a summons naming Davalos in the caption, not Kitsap County.  *Id.*

Plaintiff responded on February 1, 2014, alleging that: (1) Kitsap County is liable for foreseeable sexual assaults by its employees under *J.N. v. Bellingham Sch. Dist. No. 501*, 74 Wn. App. 49 (1994); (2) Washington's public duty doctrine has no application for intentional torts of government agents and Kitsap County formed a special relationship with Plaintiff by assigning Davalos to Plaintiff's public school; (3) sexual assaults by an on-duty sheriff's deputy and in his patrol vehicle constitutes a causal connection; and (4) Plaintiff's pleadings are sufficient because Kitsap County's negligent supervision allowed Davalos multiple opportunities to sexually assault Plaintiff.  Dkt. 23.  Plaintiff also represented that she served the correct summons on Kitsap County on January 23, 2013.  Dkt. 23 at 24.

In reply, Kitsap County argued that: (1) a School Resource Officer does not have a duty to students like a school does; (2) any failure to protect claim is not the cause-in-fact or the legal cause of Plaintiff's injuries; (3) there are no facts supporting a theory of negligent hiring, retention, or supervision, and even if there were, such a theory is not the proximate cause of Plaintiff's injury; and (4) the public duty doctrine applies to claims against Kitsap County.  Dkt. 25.  In addition, Kitsap County asked the Court to strike all of Plaintiff's reference to non-admissible hearsay.  Dkt. 25 at 3–4.

Neither Davalos nor Kitsap County School District responded to this motion to dismiss.

## II. DISCUSSION

Under 28 U.S.C. § 1441(b), a defendant may remove a civil action brought in a state court to federal court if the complaint includes a claim "arising under" federal law. However, the federal removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

### A.      Federal Question Jurisdiction

A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore,

the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Ass'n of Am. Med. Colls. v. United States,* 217 F.3d 770, 778 (9th Cir. 2000).  Removal based on federal question jurisdiction is only proper when a federal claim appears on the face of a well-plead complaint.  *Redwood Theaters, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990).

Here, Davalos has asserted federal question jurisdiction as the basis for removal. Dkt. 1.  Plaintiff's § 1983 claim in the relief section of the complaint, asking for attorney's fees and costs and punitive damages, appears to be the only basis for removal. Plaintiff has not identified a constitutional violation, or the factual basis upon which a constitutional violation is premised.  All of Plaintiff's other claims arise under state law, and would only fall under this Court's supplemental jurisdiction only if there is a viable § 1983 claim.

42 U.S.C. § 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff alleges no right, privilege, or immunity of which Defendants deprived her.  Without the second element, the complaint is insufficient to state a § 1983 claim, and upon which this Court may base jurisdiction.

**B.   Diversity Jurisdiction**

Diversity jurisdiction requires that the action is between citizens of different states and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Plaintiff has not alleged that the federal court's jurisdiction is based upon diversity jurisdiction under 28 U.S.C. § 1332.  However, even if she had, Plaintiff's complaint alleges that all parties are residents of Washington State.  Therefore, there are insufficient facts supporting this court's jurisdiction on a theory of diversity jurisdiction.

**C.   Order to Show Cause**

In arguing the motion to dismiss, neither party addresses a federal claim, although Kitsap County asks for all claims against it to be dismissed.  The Court cannot reach the merits of Kitsap County's motion to dismiss until it determines whether this Court has original jurisdiction over any of Plaintiff's claims.

The complaint is insufficient to establish that this Court has jurisdiction over this case.  Therefore, Kitsap County's motion to dismiss should be renoted for March 21, 2014 to allow Plaintiff the opportunity to show cause why this Court should not remand the case for lack of subject matter jurisdiction.  In the event that Plaintiff fails to show

1  cause, as directed, the Court will remand the case to state court on the basis that this

2  Court lacks subject matter jurisdiction.

3  ### III. ORDER

4  Accordingly, it is hereby **ORDERED** that:

5  1.     Plaintiff is must show cause in writing, not later than March 14, 2014, if

6  any she may have, why this matter should not be dismissed for lack of jurisdiction.  Any

7  of the Defendants may file a response, not later than March 19, 2014.  If Plaintiff fails to

8  respond or fails to show cause as directed, the Court may remand the case to state court

9  on the basis of lack of jurisdiction.

10  2.     Kitsap County's Motion to Dismiss for Failure to State a Claim and Motion

11  to Dismiss for Insufficient Process and Service of Process (Dkt. 14) is **RENOTED** for

12  March 21, 2014.

13  Dated this 3rd day of March, 2014.

14

15

16

17  BENJAMIN H. SETTLE
    United States District Judge

18

19

20

21

22

23

24