UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARISSA MARIE PACHECO,

               Plaintiff,

     v.

FRANK XAVIER DAVALOS & JOHN
DOE (1-5), JANE DOE (1-5), KITSAP
COUNTY SHERIFF'S OFFICE AND ITS
DIRECT SUPERVISORS, JOHN/JANE
DOES TO BE NAMED AT A LATER
DATE, & SOUTH KITSAP SCHOOL
DISTRICT #402,

               Defendant.

CASE NO. C13-5972 BHS

ORDER OF REMAND AND
DENYING PLAINTIFF'S
MOTION TO AMEND

This matter comes before the Court on Defendant Kitsap County's Motion to

Dismiss for Failure to State a Claim and Motion to Dismiss for Insufficient Process and

Service of Process (Dkt. 14), Plaintiff's Motion to Amend (Dkt. 30) and the Court's

Order to Show Cause and Renoting Motions (Dkt. 27). The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby finds a lack of subject matter jurisdiction over each Defendant and remands

the case to Kitsap County Superior Court.

# I. PROCEDURAL & FACTUAL HISTORY

**A.      State Court Complaint**

On August 16, 2013, Plaintiff filed her amended complaint in Kitsap County Superior Court.  Dkt. 4 at 5–9.  She alleged that Defendant Frank Xavier Davalos ("Davalos"), while under the supervision of Kitsap County, had "repeated intentional unwanted sexual contact with Plaintiff while she was in her home and in the Sheriffs' vehicle provided to Defendant Frank Davalos." *Id.* at 7. Based on those events, Plaintiff makes claims of "negligence, abuse, exploitation, outrage, and negligent infliction of emotional distress and sexual assault." *Id.* at 8.  Under "Relief Requested," Plaintiff requested "cost [sic] and reasonable attorney's fees pursuant to 42 U.S.C. 1983," and "punitive damages against the Defendants pursuant to 42 U.S.C. 1983."  *Id.* at 9. Plaintiff made no other reference to § 1983 in her amended complaint. *See id.*

Defendants Kitsap County Sheriff's Office and its direct supervisors ("Kitsap County"), South Kitsap School District #402 ("Kitsap School District"), and Davalos are each separately represented. Dkt. 1.

**B.      Removal**

On November 8, 2013, Davalos removed the case to federal court stating that this case is "founded on a claim arising under federal law," appearing to reference a possible claim by Plaintiff under 42 U.S.C. § 1983. Dkt. 1. On November 12, 2013, Kitsap School District joined in the removal (Dkt. 7), but Kitsap County did not file any joinder or opposition to the removal. At the time of removal, Kitsap County had apparently not been

1  served; Kitsap County was served over 60 days later, on January 23, 2014. *See* Dkts. 14,

2  23.

3  **C.      Kitsap County's Motion to Dismiss**

4         On January 16, 2014, Kitsap County filed a Motion to Dismiss for Failure to State

5  a Claim and Motion to Dismiss for Insufficient Process and Service of Process,

6  requesting that the Court dismiss all claims against it. Dkt. 14.  Kitsap County argued that

7  Plaintiff failed to state a claim because: (1) Washington courts have held that an

8  employer is not vicariously liable for the sexual assaults of its employees; (2)

9  Washington's public duty doctrine precludes recovery for breach of duty because there is

10  no special relationship between Plaintiff and Kitsap County; (3) Plaintiff does not allege

11  a causal connection between Plaintiff's injury and Davalos's employment; and (4)

12  Plaintiff's pleadings are insufficient to provide Kitsap County notice of the claims. Dkt.

13  14. Kitsap County also argues for dismissal based on insufficient service of process

14  because Plaintiff served Kitsap County with a summons naming Davalos in the caption,

15  not Kitsap County. *Id.*

16         Plaintiff responded on February 1, 2014, alleging that: (1) Kitsap County is liable

17  for foreseeable sexual assaults by its employees under *J.N. v. Bellingham Sch. Dist. No.*

18  *501*, 74 Wn. App. 49 (1994); (2) Washington's public duty doctrine has no application

19  for intentional torts of government agents and Kitsap County formed a special

20  relationship with Plaintiff by assigning Davalos to Plaintiff's public school; (3) sexual

21  assaults by an on-duty sheriff's deputy and in his patrol vehicle constitutes a causal

22  connection; and (4) Plaintiff's pleadings are sufficient because Kitsap County's negligent

ORDER - 3

1   supervision allowed Davalos multiple opportunities to sexually assault Plaintiff. Dkt. 23.

2   Plaintiff also represented that she served the correct summons and complaint on Kitsap

3   County on January 23, 2013. Dkt. 23 at 24.

4        In reply, Kitsap County argued that: (1) a School Resource Officer does not have a

5   duty to students like a school does; (2) any failure-to-protect claim is not the cause-in-fact

6   or the legal cause of Plaintiff's injuries; (3) there are no facts supporting a theory of

7   negligent hiring, retention, or supervision, and even if there were, such a theory is not the

8   proximate cause of Plaintiff's injury; and (4) the public duty doctrine applies to claims

9   against Kitsap County. Dkt. 25. In addition, Kitsap County asked the Court to strike all of

10  Plaintiff's reference to non-admissible hearsay. Dkt. 25 at 3–4.

11  **D.      Order to Show Cause on Federal Jurisdiction**

12       On March 3, 2014, the Court issued an Order to Show Cause why this matter

13  should not be dismissed for lack of jurisdiction.  Dkt. 27.  The Court stated that, at that

14  point, there were insufficient facts to support diversity jurisdiction or a federal claim,

15  including a § 1983 claim.  *Id.* at 6.  Specifically, the Court outlined that Plaintiff must

16  show that "(1) the conduct complained of was committed by a person acting under color

17  of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity

18  secured by the Constitution or laws of the United States."  Dkt. 27 at 5.

19  **E.      Plaintiff's Response/Motion to Amend**

20       On March 14, 2014, Plaintiff responded to the Order to Show Cause, requesting

21  that this Court allow her to file a proposed Second Amended Complaint (Dkt. 30-1),

22

1    which she asserts sufficiently states a § 1983 claim.  Dkt. 30 at 8.  Plaintiff also included

2    a declaration in which she generally alleges that Davalos sexually abused her.  Dkt. 31.

3        The proposed complaint is substantially similar to the complaint filed at removal

4    with the following changes: (1) removes John Doe (1-5) and Jane Doe (1-5) as

5    Defendants, although they are still referred to in the factual allegations; (2) alleges

6    jurisdiction pursuant to 28 U.S.C. § 1441(b) based on the added § 1983 claim; (3) claims

7    the Western District of Washington is the correct venue; (4) added § 1983 claims against

8    Davalos as a state actor, Kitsap County as his supervisor, and Kitsap School District as

9    his supervisor; and (5) removed language regarding "intentional infliction of emotional

10   distress" from the relief requested.  *Compare* Dkt. 4 *with* Dkt. 30-1.  Plaintiff made no

11   changes to the factual allegations in the proposed complaint.  *Id.*

12       On March 19, 2014, Kitsap County responded to the show cause, arguing that

13   Plaintiff had still failed to sufficiently plead a § 1983 action and reasserting its arguments

14   from its pending 12(b)(6) motion.  Dkt. 34.

15       On March 21, 2014, the Court entered a minute order, construing Plaintiff's

16   response to the Order to Show Cause (Dkt. 30) as a motion to amend, and renoting the

17   motion and the Order to Show Cause for April 4, 2014.  Dkt. 35.

18       On March 31, 2014, Kitsap County responded, arguing that amending the

19   complaint is futile because (1) the amended complaint fails to state a claim upon which

20   relief can be granted under Fed. R. Civ. P. 12(b)(6), and (2) if Plaintiff's reliance on her

21   own declaration converts the motion to a summary judgment standard, the complaint is

22   still deficient.  Dkt. 37.  Kitsap County contends that Plaintiff's entire claim depends on a

*respondeat superior* theory, which is precluded under § 1983 claims, and Plaintiff does not identify a policy or custom, a policy maker who authorized such policy, or that any such policy then caused Davalos to molest Plaintiff or caused Plaintiff constitutional harm. *Id.* at 5–6.  In addition, Kitsap County argues that, at best, Plaintiff asserts that she knew Davalos was law enforcement and was afraid of him, which is still insufficient to show government action. *Id.* at 8.

On April 1, 2014, Kitsap School District responded, alleging the same arguments made by Kitsap County by reference to Dkt. 37.  Dkt. 38.  Although Davalos did not file a response to Plaintiff's Motion to Amend, his counsel filed a "Notice of Unavailability" on April 3, 2014, asking the Court not to note any "depositions, hearings, trial or other matters," on approximately 55 days in 2014, including the noting date for the Motion to Amend.  Dkt. 41.

On April 2, 2014, Plaintiff replied that summary judgment is unfair at this early point of discovery, and asked the Court for reasonable time to respond should the Court decide to convert the motion.  Dkt. 39 at 1–2.  Plaintiff also contends that a policy or custom did exist that led to constitutional harm to Plaintiff.  *Id.* at 2.  However, Plaintiff does not identify any policy or custom.  *Id.*  Instead, Plaintiff asks the Court for additional time to conduct discovery, but only if the Court decides to conduct a summary judgment analysis, rather than a motion to dismiss analysis.  *Id.*

## II. DISCUSSION

As a preliminary matter, the Court does not consider Plaintiff's declaration (Dkt. 31) for purposes of the pending motions.  Even if the Court had considered it, it states

1   facts substantially similar to those in the original and proposed complaints and the parties

2   each had an opportunity to address the declaration.

3         Fed. R. Civ. P. Rule 12(b)(1) allows this Court to dismiss a claim for lack of

4   subject matter jurisdiction.  If a federal court dismisses under Rule 12(b)(1), then there

5   can be no supplemental jurisdiction over any potential state law claims because

6   "dismissal postulates that there was never a valid federal claim. Exercise of

7   jurisdiction...would therefore violate Article III of the Constitution." *Herman Family*

8   *Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) (quoting *United Mine*

9   *Workers v. Gibbs,* 383 U.S. 715, 725 (1966)).  In a 12(b)(1) analysis, the factual

10   allegations in the complaint are assumed to be true. *Miranda v. Reno,* 238 F.3d 1156,

11   1157 n.1 (9th Cir. 2001); *Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1127 (9th Cir.

12   2002).

13         In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege

14   that: (l) the conduct complained of was committed by a person acting under color of state

15   law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by

16   the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981),

17   *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986).  Although a

18   defendant may have held employment with the government, "[i]f a government officer

19   does not act within his scope of employment or under color of state law, then that

20   government officer acts as a private citizen." *Van Ort v. Estate of Stanewich,* 92 F.3d

21   831, 835 (9th Cir. 1996).  In addition, defendants in a § 1983 action cannot be held liable

22   solely on the basis of supervisory responsibility or position.  *See Monell v. Dep't of Soc.*

1   *Servs.,* 436 U.S. 658, 690–91 (1978).  "At a minimum, a § 1983 plaintiff must show that

2   a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in

3   the unconstitutional conduct."  *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984),

4   *cert. denied,* 469 U.S. 845 (1984).

5        The original complaint in this action (Dkt. 4) does not sufficiently state a federal

6   claim against any of the Defendants.  Rather, Plaintiff off-handedly mentions § 1983

7   within the context of relief requested and pleads no facts or claims regarding the elements

8   of a § 1983 claim.  Dkt. 4.  Unless Plaintiff's proposed complaint is able to sufficiently

9   plead a federal claim, the Court should dismiss and remand this case for lack of subject

10  matter jurisdiction.

11       Plaintiff's proposed complaint (Dkt. 30-1) essentially alleges that Davalos had

12  intentional unwanted sexual contact with Plaintiff in her home and in his Sherriff's

13  vehicle, while he was an employee of Kitsap County and Kitsap School District.  Dkt. 4;

14  Dkt. 30-1.  Plaintiff further claims that Davalos acted under color of state law and

15  supervision of Kitsap County and Kitsap School District, thus depriving Plaintiff of her

16  14th Amendment due process right to intimate bodily integrity.  Dkt. 30-1 at 4–5.

17       These allegations are insufficient to establish subject matter jurisdiction over the

18  Defendants.  Plaintiff alleges no involvement of Kitsap County or Kitsap School District

19  other than alleged negligent supervision and/or hiring.  Yet, Plaintiff alleges no facts to

20  indicate that either employer was aware of, or implicitly allowed sexual assaults by

21  Davalos.  Simply employing an individual who commits sexual assault is not a sufficient

22  basis to maintain a § 1983 claim.

1        In addition, Plaintiff alleges no facts that any sexual misconduct by Davalos was

2   committed within the scope of his employment as a Kitsap County Sherriff.  Without

3   these facts, Plaintiff cannot allege that Davalos was acting under color of state law.

4   Again, simply being a Kitsap County employee or driving a Sherriff's vehicle does not

5   establish that the individual acted "under the color of state law." Because Plaintiff has not

6   stated a federal claim, this Court lacks subject matter jurisdiction over all three

7   Defendants.  The § 1983 claims against those Defendants are dismissed for lack of

8   subject matter jurisdiction and the remaining state law claims are remanded to Kitsap

9   County Superior Court.

10        To the extent Plaintiff's reply on the Motion to Amend can be construed as an

11   additional motion to amend, that motion is denied.  Plaintiff asked for leave to conduct

12   further discovery if the Court utilized a summary judgment analysis.  Dkt. 39.  Plaintiff

13   did not provide a proposed complaint or a reason why leave should be granted.  *Id.*

14   Plaintiff has been unable to state a federal claim in her previous four complaints and the

15   Court has given her more than ample opportunity to do so.

16        The remaining pending motions before this Court cannot be considered based

17   upon lack of subject matter jurisdiction and they should be denied as moot.

18   **III. ORDER**

19   Therefore, it is hereby **ORDERED** that:

20

21

22

1      1.     Plaintiff's § 1983 claims against all Defendants are **DISMISSED without**

2      **prejudice** pursuant to Fed. R. Civ. P. 12(b)(1).

3      2.     Plaintiff's Motion to Amend/Response to Order to Show Cause (Dkt. 30) is

4      **DENIED**.

5      3.     Defendant Kitsap County's Motion to Dismiss for Failure to State a Claim

6      (Dkt. 14) is **STRICKEN as moot**.

7      4.     Defendant Kitsap County's Motion to Dismiss for Insufficient Process and

8      Service of Process (Dkt. 14) is **STRICKEN as moot**.

9      5.     Plaintiff's Reply on the Motion to Amend (Dkt. 39) is **DENIED** to the

10      extent Plaintiff seeks an additional motion to amend.

11      6.     This case is **REMANDED** to Kitsap County Superior Court.

12      Dated this 17th day of April, 2014.

13

14

                               _____

15                           BENJAMIN H. SETTLE

                           United States District Judge

16

17

18

19

20

21

22